IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01612-BNB

JONATHAN SCHMIER,

Plaintiff,

v.

McDONALDS, LLC,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 9 2007

GREGORY C. LANGHAM
CLERK

_____

ORDER

_____

Plaintiff, Jonathan Schmier, initiated this action by filing *pro se* a complaint. In an order filed on July 31, 2007, the court directed Mr. Schmier to file his complaint on the proper complaint form. The court provided Mr. Schmier with the court's general nonprisoner complaint form. On August 31, 2007, Mr. Schmier filed an amended complaint alleging that he has suffered racial discrimination throughout his employment. The named Defendant in both the original complaint and in the amended complaint is Mr. Schmier's employer. Therefore, the court assumed that Mr. Schmier was asserting a claim of employment discrimination and, on September 5, 2007, the court entered an order directing Mr. Schmier to file a second amended complaint on the court's Title VII Complaint form.

On October 4, 2007, Mr. Schmier filed a "Montion [sic] to Allow Case to Proceed on the Court's General Nonprisoner Complaint Form." Mr. Schmier states in the October 4 motion that he is not asserting a claim of employment discrimination in this action, that he is asserting a claim of racial discrimination, and that he cannot complete

the court's Title VII Complaint form because he has not filed an administrative complaint with the Equal Employment Opportunity Commission (EEOC) or received from the EEOC a notice of right to sue.

The October 4 motion will be granted because Mr. Schmier insists that he is not asserting any employment discrimination claims pursuant to Title VII.  However, Mr. Schmier still must file a second amended complaint in this action because neither the original complaint nor the amended complaint complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct."  Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Schmier fails to set forth a short and plain statement of the grounds on which the court's jurisdiction depends.  In other words, he fails to cite the statutory authority that allows this court to consider the racial discrimination claim he is asserting in this action.  Mr. Schmier also fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  In order for Mr. Schmier "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).  Because Mr. Schmier insists that he is not asserting an employment discrimination claim, it is not clear to the court what claim he is asserting against his employer.  Accordingly, it is

ORDERED that the "Montion [sic] to Allow Case to Proceed on the Court's General Nonprisoner Complaint Form" filed on October 4, 2007, is granted.  It is

FURTHER ORDERED that Mr. Schmier file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with this order.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Schmier, together with a copy of this order, two copies of the following form:  Complaint.  It is

FURTHER ORDERED that, if Mr. Schmier fails within the time allowed to file a second amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED October 9, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01612-BNB

Jonathan Schmier
4370 E. Pikes Peak #213
Colorado Springs, CO 80909

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on _10/9/07_

GREGORY C. LANGHAM, CLERK

By:_____
            Deputy Clerk